```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

    GEORGE W. LEX                          CIVIL ACTION

    VERSUS                                 NO: 07-8169

    SCOTTSDALE INSURANCE COMPANY           SECTION: "J" (3)
```

### ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. (Rec. Doc. 13). For the reasons below, Defendant's Motion is **DENIED**. Defendant's Motion is based on two separate bases. First Defendant argues that Plaintiff fully settled this claim on April 4, 2007. In the alternative, Defendant claims that Plaintiff has already been paid more than the full amount for his property damage claims, and therefore cannot recover additional sums.

### BACKGROUND

Plaintiff owned two properties in St. Tammany Parish which were damaged a result of Hurricane Katrina. The properties were insured by Defendant. Plaintiff made a claim for damage to the buildings and his personal property against Scottsdale Insurance Company, as well as his flood insurer, Fidelity National.

The policy issued by Scottsdale provides that Scottsdale will not be liable for an amount greater than the applicable

limit of liability.  Further the policy provides that "covered property losses are settled at actual cash value at the time of he loss but not more than the amount required to repair or replace the damaged property."  (Rec. Doc. 13-2, at 2).

During the process of handling his claim, Plaintiff hired the firm of Carr & Associates ("Carr") to adjust his loss. Scottsdale's adjuster, Ron Patton and Carr's representative met with Lex's personal representative, Georgeann Forrester.  At the meeting, the parties agreed to settle the claim for $70,000. Scottsdale paid this amount, and the Plaintiff accepted the payment.  Scottsdale claims that this meeting and payment settled all claims, while Plaintiff claims that the payment was only intended to settle some claims.

Furthermore, Defendant states that Plaintiff submitted a sworn proof of loss which states that the combined actual cash value of the claims for damage to both properties totals $110,000.  Furthermore, Scottsdale reports that plaintiff has received $247,400 in flood payments for the properties.  When you add the $70,000 that Scottsdale has paid, then Plaintiff has received $381,400 in payments on these properties.  Plaintiff asserts that Defendant is misreading the Proof of Loss and that the proof of loss states that there is still $110,000 for which Plaintiff has not been paid.

**DISCUSSION**

**A. Settlement**

In Louisiana, a compromise "is a contract, whereby the parties, through concessions made by one or more of them, settle as dispute or an uncertainty concerning an obligation or other legal relationship." LA. CIV. CODE ANN. art. 3071. The law makes it clear that a compromise only settles those "differences that the parties clearly intended to settle." *Id.* art. 3076. The *Louisiana Civil Code* requires that compromises either be in writing or recited in open court. *Id.* art. 3072.

In the case at bar, there is no single writing signed by both parties that states that there is a final release of all claims. However, there was an email sent from Zach Carr of Carr & Associates to Ron Patton which confirms the terms of the settlement. (Rec. Doc. 13-7).[1] The email states "Mrs. Foster agreed to that amount for this claim to be settled." The Louisiana Supreme Court has stated that while a compromise is required to be in writing, the writing does not have to be a single document. *Felder v. Ga. Pac. Corp.*, 405 So. 2d 521, 523 (La. 1981). Rather it is sufficient for there to be two

---

[1] Additionally, it is not clear from the pleadings that Carr had the authority to settle claims for the Plaintiff. However, that specific issue does not need to be decided by the Court today.

documents that when read together outline the obligations the parties have to each other, and evidence the acquiescence of each party. *Id.* at 524. In *Felder*, it was acceptable for there to be an agreement signed by the Plaintiff only. The court held that the settlement check signed by the Defendant was sufficient to show the Defendant's acceptance of the agreement. Therefore, under the Supreme Court's interpretation, there were sufficient writings to satisfy the requirements of article 3072.

In this case, there appears to be some question as to what the parties intended to settle. There is no writing that says that all claims are settled. While the email from Mr. Carr to Mr. Patton states that the amount is accepted for this claim to be settled appears to settle the claim, it is, in fact, ambiguous. It is unclear what "this claim" means, and to what Mr. Carr is referring to. The affidavits of participants in the meeting cited by the Plaintiff indicates that there was only an attempt to settle certain claims. At best there is a factual determination left to be tried on what claims were intended to be settled.

**B. Proof of Loss**

The Plaintiff signed a proof of loss that indicates that the actual cash value of the loss is $110,000. (Rec. Doc. 13-9). Plaintiff claims that the document is attempting to show that

there is in excess of $110,000 for which Plaintiff has yet to be paid.  However, Plaintiff's assertion appears to be factually incorrect.

Even assuming that the Actual Cash Value claim of $110,000 means that there is $110,000 in damage yet to be paid, Plaintiff cannot be entitled that amount.  Plaintiff has received $247,400 from his flood insurers.  Plaintiff insists that $392,127.05 is the Actual Cash Value of the repairs of the building.  Scottsdale has already paid $70,000.  Adding the Scottsdale and flood insurance payments together, it appears that Plaintiff has received $317,400 in payments for this property.  Therefore by Plaintiff's own admission he may only claim $74,127.05.

It is true that the Plaintiff is not entitled to a double recovery.  He may not recover for the same damage by both his flood insurer and his wind insurer.  However there is no evidence in the record at this time for the Court to determine what damages were caused by flood and what damages were caused by wind.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 13) is **DENIED**.

New Orleans, Louisiana this the 28th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE